107 F.3d 3
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
Johnathan JOHNSON, Plaintiff-Appellant,
v.
J.S. CALABRETT, Justice; WM. Friedman, Justice; J.F. Falo,
Justice; Several Unknown, Defendants-Appellees.
 No. 96-2567.
 United States Court of Appeals, Second Circuit.
 Feb. 21, 1997.
 
 JOHNATHAN JOHNSON, Attica, NY, pro se.
 DENNIS C. VACCO, New York State Attorney General, New York, NY.
 Present JACOBS, CALABRESI, LAY*, Circuit Judges.
 
 
 1
 Appellant Johnathan Johnson appeals from a judgment of the United States District Court for the Eastern District of New York, which sua sponte dismissed with prejudice his complaint brought under 42 U.S.C. § 1983. Johnson alleges that three state-court judges violated his civil rights when they sentenced him without proper subject matter jurisdiction.
 
 
 2
 We agree with Judge Ross that Johnson's claims require dismissal under Heck v. Humphrey, 114 S.Ct. 2364 (1994). Since Johnson has not alleged that the challenged sentences were invalidated, and an award based on the defendants' lack of subject matter jurisdiction in the criminal proceedings would "necessarily imply the invalidity" of his sentences, this action is barred under Heck. See id. at 2372.
 
 
 3
 We do note, however, that Johnson claims to be challenging the subject matter jurisdiction of the sentencing courts in a state habeas proceeding. Assuming this is the case, this dismissal under Heck does not necessarily preclude Johnson from commencing a § 1983 action if he prevails in his habeas action or if he is otherwise able to invalidate his sentences.
 
 
 4
 We have considered all of Johnson's contentions on this appeal and have found them to be without merit. The judgment of the district court is AFFIRMED.
 
 
 
 *
 The Honorable Donald P. Lay, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation